IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **DAVID S. TATUM,** | : | **CIVIL ACTION** |
| | : | **NO. 12-1114** |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA PHARMACEUTICALS AMERICA, INC., TAKEDA PHARMACEUTICALS INTERNATIONAL, INC., TAKEDA PHARMACEUTICALS COMPANY LIMITED, TAKEDA PHARMACEUTICALS, LLC, TAKEDA AMERICA HOLDINGS, INC., TAKEDA GLOBAL RESEARCH & DEVELOPMENT CENTER, INC., TAKEDA SAN DIEGO, INC., TAP PHARMACEUTICALS PRODUCTS, INC., ABBOTT LABORATORIES, INC., DOES 1 THROUGH 100 INCLUSIVE,** | : | |
| | : | |
| **Defendants.** | : | |

_____

**DuBois, J.**                                                                                                                                                          **October 18, 2012**

**M E M O R A N D U M**

**I.      INTRODUCTION**

This is a product liability action in which plaintiff David S. Tatum alleges that the PREVACID designed, manufactured, and marketed by defendants weakened his bones, ultimately leading to hip fractures. The defendants filed a motion to dismiss many of the claims in Tatum's First Amended Complaint. For the reasons that follow, the Court grants in part and denies in part defendants' motion.

**II.     BACKGROUND**[1]

Tatum was prescribed PREVACID, a pharmaceutical drug designed, manufactured, and

---

[1] As required on a motion to dismiss, the Court takes all plausible factual allegations contained in plaintiff's First Amended Complaint to be true.

marketed by defendants.  (Am. Compl. 3, 7.)  After taking PREVACID, Tatum began feeling pain in his left hip, and he was later diagnosed with Stage III Avascular Necrosis.  (Id. at 7.)  Tatum's bones became weakened or brittle, causing multiple fractures.  (Id. at 8.)  As a result, he underwent total hip replacement surgery.  (Id. at 7.)

Tatum claims that defendants were aware of the risks of PREVACID, but chose not to disclose them.  His First Amended Complaint contains fourteen counts: Count I – equitable tolling of applicable statute of limitations; Count II – negligence; Count III – negligent failure to adequately warn; Count IV – negligence per se; Count V – negligent misrepresentation; Count VI – breach of express warranty; Count VII – breach of implied warranty for a particular purpose; Count VIII – breach of implied warranty of merchantability; Count IX – strict product liability: defective design; Count X – strict product liability: manufacturing defect; Count XI – strict product liability: failure to warn; Count XII – fraudulent concealment; Count XIII – unjust enrichment; and Count XIV – violations of Pennsylvania Unfair Trade Practices and Consumer Protection Law.  Tatum additionally alleges that he is entitled to punitive damages.

Defendants have moved to dismiss Count I, Counts V to XIV, and the request for punitive damages.

## III. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a civil plaintiff must allege facts that "'raise a right to relief above the speculative level.'"  Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "[T]he tenet that a court must accept as

true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## IV. DISCUSSION

Defendants have moved to dismiss eleven of the fourteen counts in the First Amended Complaint, in addition to Tatum's request for punitive damages.  The Court will address each in turn.

### A.   Count I: Equitable Tolling

Defendants initially move to dismiss Tatum's claim for equitable tolling alleged in Count I. Tatum alleges that "[t]he running of any statute of limitations has been tolled by reason of Defendants' fraudulent concealment."  (Am. Compl. 11.)  Fraudulent concealment is a doctrine which "serves to toll the running of the statute of limitations."  Fine v. Checcio, 582 Pa. 253, 271 (2005).  Unlike the tort of fraudulent concealment alleged in Count XII, this doctrine is not an independent cause of action.  Thus, Count I is dismissed with prejudice.

It appears that by moving to dismiss Count I, defendants are also attempting to attack Tatum's tort claims, which are subject to a two-year statute of limitations.  See 42 PA. CONS. STAT. ANN. § 5524; Mest v. Cabot Corp., 449 F.3d 502, 510 (2006).  Generally, "a limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion."  Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002).  However, the "Third Circuit Rule" allows defendants to raise a limitations defense in a Rule 12(b)(6) motion where the "time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Id. at 135.

Tatum filed his initial Complaint on March 1, 2012.  (Compl. 35.)  In his First Amended Complaint, he states that "[a]t no point prior to March 2010 had Plaintiff experienced any type of abnormal hip pain . . . ."  (Am. Compl. 7.)  As this allegation falls within the two-year period, the Court

will not dismiss any claims on statute of limitations grounds on the present state of the record.

  B. Counts IX, X, and XI: Strict Liability Claims

The Court next addresses Tatum's strict liability claims. Counts IX and XI which assert claims for strict liability based on design defect and strict liability based on failure to warn are not permitted under Pennsylvania law. Applying comment k to § 402A of the Restatement (Second) of Torts, the Pennsylvania Supreme Court ruled that "where the adequacy of warnings associated with prescription drugs is at issue, the failure of the manufacturer to exercise reasonable care to warn of dangers, i.e., the manufacturer's negligence, is the only recognized basis of liability." Hahn v. Richter, 543 Pa. 558, 563 (1996). As a result, Tatum cannot bring strict liability claims for design defect or failure to warn.

Count X which alleges a claim of strict liability based on manufacturing defect, however, is permissible. Many courts have interpreted Hahn broadly to preclude all strict liability claims. See Doughtery v. C.R. Bard, Inc., No. 11-6048, 2012 WL 2940727, at *4 (E.D. Pa. July 18, 2012) (collecting cases). However, this Court agrees with the decision in Doughtery, where the court concluded that strict liability claims for manufacturing defects are not prohibited. See id. at *4-6; Killen v. Stryker Spine, No. 11-1508, 2012 WL 4498865, at *3-4 (W.D. Pa. Sept. 28, 2012).

Tatum's claims in Count IX for strict liability based on design defect and Count XI for strict liability based on failure to warn are dismissed with prejudice. The strict liability claim based on manufacturing defect asserted in Count X is permitted under Pennsylvania Law. Thus, the motion to dismiss with respect to the claim for strict liability based on manufacturing defect asserted in Count X is denied.

  C. Counts VI, VII, and VIII: Breach of Warranty Claims

Defendants further move to dismiss Tatum's breach of warranty claims. In his First Amended Complaint, Tatum alleges breach of implied warranty of merchantability in Count VIII, breach of

implied warranty for a particular purpose in Count VII, and breach of express warranty in Count VI.

### (a) Counts VII and VIII: Breach of Implied Warranty of Fitness for a Particular Purpose and Breach of Implied Warranty of Merchantability

"[T]he theories of strict liability and breach of the implied warranty of merchantability are parallel theories of recovery, one in contract and the other in tort." Doughtery, 2012 WL 2940727 at *7 (internal quotations omitted). As discussed above, strict liability claims based on design defect or failure to warn are not permissible in Pennsylvania. "It would thus be inconsistent to exempt a manufacturer . . . from strict liability under comment k and apply a negligence standard to determine liability for a design defect or a failure to warn, but allow a plaintiff to recover for the same alleged defect under a theory of breach of the implied warranty of merchantability." Id. The same analysis applies to the implied warranty of fitness for a particular purpose. Both claims are not cognizable under Pennsylvania law to the extent they are based on a design defect or failure to warn, but are permissible if based on manufacturing defect or any other theory. Thus, the motion to dismiss with respect to the claims, as limited by this Memorandum, for breach of the implied warranty fitness for a particular purpose asserted in Count VII and for breach of the implied warranty of merchantability asserted in Count VIII is denied.

### (b) Count VI: Breach of Express Warranty

Tatum's remaining breach of warranty claim is for breach of express warranty. Federal courts are split concerning whether an express warranty claim against prescription drug manufacturers is permissible under Pennsylvania law. Id. (collecting cases). This Court concludes that such a claim is permitted. "While the reasoning of comment k may prevent certain warranties or promises from being implied by law," that is not a "basis for declining to enforce a contractual promise expressly and voluntarily made by a manufacturer of prescription drugs or devices." Id. Thus, the motion to dismiss

with respect to the claim for breach of an express warranty asserted in Count VI is denied.

        D.        <u>Count V: Negligent Misrepresentation</u>

Defendants additionally move to dismiss Tatum's claim for negligent misrepresentation alleged in Count V because Tatum failed to allege his claim with the particularity required by Federal Rule of Civil Procedure 9(b). Although a plaintiff must plead negligent misrepresentation with a degree of specificity, Rule 9(b) does not govern negligent misrepresentation claims. <u>Brandow Chrysler Jeep Co. v. DataScan Techs.</u> 511 F.Supp.2d 529, 537 (E.D. Pa. 2007); <u>but see</u> <u>Scott v. Bimbo Bakeries, USA, Inc.</u>, 2012 WL 645905, at *5 (E.D. Pa. Feb. 29, 2012) (noting "that there is disagreement among the district courts within the Third Circuit regarding the pleading standard that applies to claims of negligent misrepresentation."). Tatum alleges that defendants falsely represented "that PREVACID was safe and fit for its intended purpose, was of merchantable quality, did not produce any dangerous side effects, and had been adequately tested." (Am. Compl. 18.) This is a sufficiently specific allegation. Thus, the motion to dismiss with respect to the claim for negligent misrepresentation asserted in Count V is denied.

        E.        <u>Counts XII and XIV: Fraudulent Concealment and Violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law</u>

Defendants next move to dismiss Tatum's claims for fraudulent concealment alleged in Count XII and for violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 PA. CONS. STAT. ANN. §§ 201-1 <u>et seq.</u> (UTPCPL) alleged in Count XIV. Fraudulent concealment "has the same elements as intentional misrepresentation except in the case of intentional non-disclosure, the party intentionally conceals a material fact rather than making an affirmative misrepresentation." <u>Bortz v.</u>

Noon, 556 Pa. 489, 499 (1999) (internal quotations omitted).[2]

Section 201-3 of the UTPCPL makes "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . unlawful."  Section 201-2(4)(xxi), the so-called "catch-all" definition, defines "[u]nfair methods of competition and unfair or deceptive acts or practices" as "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."  "A plaintiff may succeed under the catch-all provision by satisfying the elements of common-law fraud."  Vassalotti v. Wells Fargo Bank, N.A. 732 F.Supp.2d 503 (E.D. Pa 2010).  The fraud can be based on the intentional concealment of information.  Meeks-Owens v. Indymac Bank, F.S.B., 557 F.Supp.2d 566, 579 (M.D. Pa. 2008).  Thus, Tatum's claims for fraudulent concealment and for violations of the UTPCPL overlap.

Defendants argue that both claims, which are based on intentional conduct, should be dismissed because they "do not rest on a theory of negligence."  (Def. Mot. 12.)  For this proposition, defendants cite the Pennsylvania Supreme Court's statement in Hahn that "where the adequacy of warnings associated with prescription drugs is at issue, the failure of the manufacturer to exercise reasonable care to warn of dangers, i.e., the manufacturer's negligence, is the only recognized basis of liability."  543 Pa. at 563.

This Court disagrees.  The court in Hahn stated that a seller of prescription drugs must not only warn of risks of which he reasonably should have knowledge, but also warn of risks of which he did, in fact, have knowledge.  Id. at 561.  Accordingly, Hahn does not preclude claims where the plaintiff alleges that the seller had knowledge of the risks of prescription drugs and intentionally concealed them.

---

[2] The elements of intentional misrepresentation or fraud are: "(1) A representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the reliance."  Id.

For this reason, the motion to dismiss with respect to the claims for fraudulent concealment asserted in Count XII and for violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law asserted in Count XIV is denied. Since Tatum has stated a claim under the "fraud prong" of the catch-all provision of the UTPCPL, the Court does not address the "deceptive conduct" prong of the catch-all provision or the other provisions of the UPTCPL referenced in the First Amended Complaint.

### F. Count XIII: Unjust Enrichment

Defendants also move to dismiss Tatum's claim for unjust enrichment alleged in Count XIII. "Under Pennsylvania law, the plaintiff must demonstrate that he conferred a benefit on the defendant, that the defendant knew of the benefit and accepted or retained it, and that it would be inequitable to allow the defendant to keep the benefit without paying for it." Zafarana, 724 F.Supp. 2d at 560. However, "[u]njust enrichment is not a substitute for failed tort claims in Pennsylvania . . . ." Id. (internal citations omitted).

This is not a case in which a claim for unjust enrichment is appropriate. Specifically, there is no allegation that defendants refused to provide a service or goods after Tatum provided defendants with a benefit. See id. at 561. Thus, Tatum's claim in Count XIII for unjust enrichment is dismissed with prejudice.

### G. Punitive Damages

Finally, defendants move to dismiss Tatum's request for punitive damages. Defendants argue that under Pennsylvania law, punitive damages are not an independent cause of action. Kirkbride v. Lisbon Contractors, Inc., 521 Pa. 97, 101 (1989). That is correct. However, Tatum did not assert an independent claim for punitive damages in the First Amended Complaint. Rather, he requested punitive damages as a remedy. Punitive damages are properly alleged in the First Amended Complaint.

## V.     CONCLUSION

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to dismiss.  Count I – equitable tolling of applicable statute of limitations; Count IX – strict product liability: defective design; Count XI – strict product liability: failure to warn; and Count XIII – unjust enrichment; are dismissed with prejudice.

The claims remaining for adjudication are: Count V – negligent misrepresentation; Count VI – breach of express warranty; Count VII –  breach of implied warranty for a particular purpose; Count VIII – breach of implied warranty of merchantability; Count X – strict product liability: manufacturing defect; Count XII – fraudulent concealment; and Count XIV – violations of Pennsylvania Unfair Trade Practices and Consumer Protection Law.

The Court concludes that many of Tatum's remaining claims are redundant or otherwise unnecessary, making this case unduly complicated.  At the preliminary pretrial conference, the Court will address narrowing the scope of the issues presented.

An appropriate order follows.